Freeman, <7.,
delivered tbe opinion of the court:'
The only question presented for decision in this case, is whether the grant of the land in controversy to John C. Haley, is the superior title over a grant to Elijah Embree, and one to Jacob Peck.
The facts are, that the Haley grant, No. 4805, is founded on entry No. 1132, made April 25, 1833, and granted October 18, 1836. The Embree grant is founded on entry No. 1107, of date February 25, 1833, but not granted until August 25, 1849. The Peck grant is founded on entry 1109, made February 25, 1833, and granted August 25, 1849. It thus appears that the entries in the two last cases arc of older date than Haley’s entry, but the grants are subsequent to his. As a general rule, this would give the superior title to the younger grantees. But ánother rule of law intervenes in this case, based on certain acts of the legislature, extending the.time for certain enterers to perfect their titles by survey, and obtaining grants. By the act of 28th of November, 1839 [1839--40, ch. 12], a further time, until first of September, 1841, was given to enterers to make surveys, and then two years from the passage of the act in which to.obtain grants. This timq expired on 28th of November, 1841. Another act, however, was passed on November 30, 1841 [1841--2, ch. 15], giving a further extension of time to parties to perfect their titles. These acts were construed by this court in the case of Williamson and wife v. Throop and Luna, 11 Hum, 265, in reference to a precisely similar state of facts as presented in the case now before us. In that case it was held, that as to a party who had obtained his grant, although on a younger entry, the legislature could not revive the title of the older enterer by an extension of the time in which he might perfect his title; that he had forfeited his right, and the right of the younger enterer having arisen, such right could not be taken away.
This being settled, it follows that Haley, having, by his *566 younger entry, obtained Ms title from tlie state, and tRe otRer two enterers Raving failed to comply witR tRe conditions of tlie law, forfeited tReir rigRts as against Rim, and Ris grant, on tlie facts before us, gives Mm tRe superior title. TRe cRancellor so Reid, and we affirm Ris decree.